IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Oneida Consumer, LLC,
Anchor Hocking, LLC, and
The Oneida Group, Inc.,

               Plaintiffs,                          CASE NO.

v.

Elyse Fox d/b/a Finest Flatware,

               Defendant.

## **COMPLAINT**

Plaintiff, The Oneida Group, Inc., and its subsidiaries, Oneida Consumer, LLC and Anchor Hocking, LLC (collectively referred to herein as "Oneida" or "Plaintiff Oneida"), by and through their undersigned counsel, file this Complaint against Elyse Fox d/b/a Finest Flatware (referred to as "Defendant" or "Defendant Fox"), for infringement of Plaintiff Oneida's federally-registered trademarks under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); for false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); for false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); for dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); and for substantial and related claims of deceptive trade practices and trademark infringement under O.R.C. § 4165.02 and Ohio common law.

## **PARTIES**

1.      The Oneida Group, Inc., is a Delaware corporation with its principal place of business at 1600 Dublin Road, Columbus, Ohio.

2.      Plaintiff Oneida Consumer, LLC, is a Delaware limited liability company with its principal place of business at 1600 Dublin Road, Columbus, Ohio.

3.      Plaintiff Oneida Consumer, LLC, is the owner of all right, title, and interest in and to the trademarks at issue in this Complaint.

4.      Plaintiff Oneida Consumer, LLC, is a subsidiary of and wholly controlled by Plaintiff The Oneida Group, Inc.

5.      Plaintiff Anchor Hocking, LLC, is a Delaware limited liability company with its principal place of business at 1600 Dublin Road, Columbus, Ohio.

6.      Plaintiff Anchor Hocking, LLC, is a subsidiary of and wholly controlled by Plaintiff The Oneida Group, Inc.

7.      Defendant Elyse Fox is an individual who, upon information and belief, resides at 54508 Craig, Chapel Hill, North Carolina 27517-8311.

8.      Upon information and belief, Defendant Fox does business as Finest Flatware, also at 54508 Craig, Chapel Hill, North Carolina.

## JURISDICTION AND VENUE

9.      This Court has original subject matter jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338(b) because Plaintiff Oneida seeks relief for trademark infringement, false designation of origin, false advertising, and trademark dilution under the federal laws of the United States, including the Lanham Act, 15 U.S.C. § 1111 *et seq.* This Court also has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1332 because the action arises under the laws of the United States, the plaintiffs are completely diverse from Defendant Fox, and the matter in controversy yields damages in excess of $75,000. Plaintiff Oneida's remaining state law claims are subject to this Court's supplemental jurisdiction under 28 U.S.C. § 1367(a) because those

claims are substantially related to Plaintiffs' Lanham Act claims and form part of the same case or controversy.

10.     On January 20, 2020, in a letter bearing the address of Oneida's Columbus, Ohio headquarters, Plaintiff Oneida notified Defendant Fox that, as of April 1, 2020, Defendant Fox and Finest Flatware would not be authorized or licensed to use Oneida's trademarks. This letter is attached hereto as **Exhibit 1**. With knowledge that she had no right to use Oneida's trademarks, Defendant Fox has continued use of such marks on Amazon.com, on her website (www.finestflatware.com), and on social media. As set forth below, such use constitutes trademark infringement, and violates several additional provisions of the Lanham Act and violates Ohio law.

11.     On March 10, 2020, in a letter bearing the address of Plaintiff Oneida's Columbus, Ohio headquarters, Plaintiff Oneida reminded Defendant Fox that the relationship between Plaintiff Oneida and Defendant Fox would be terminated effective March 31, 2020. This letter is attached hereto as **Exhibit 2**.

12.     On April 16, 2020, counsel for Plaintiff Oneida sent another letter to Defendant Fox, insisting that she stop using Oneida's trademarks. This letter is attached hereto as **Exhibit 3**. In this letter, Defendant Fox was informed that, if her unlawful use of Oneida's trademarks continued, suit would be brought against her in Ohio. With knowledge that her use of Oneida's trademarks was unlawful and with knowledge that Oneida is an Ohio-based company, Defendant Fox has continued use of such marks on Amazon.com, on her website (www.finestflatware.com), and on social media. As set forth below, such use constitutes trademark infringement, violates several additional provisions of the Lanham Act, and violates Ohio law.

13.     Defendant Fox is willfully infringing Plaintiff Oneida's trademarks, is purposefully violating several additional provisions of the Lanham Act, is purposefully violating the Ohio

Deceptive Trade Practices Act, and is purposefully violating Ohio common law, knowing Plaintiff Oneida is based in Ohio. Thus, she is purposefully directing activities to the state of Ohio with intent to cause harm in this state.

14.     The causes of action asserted against Defendant Fox in this complaint arise out of her infringement of Plaintiff Oneida's trademarks, which has caused and continues to cause injury in Ohio.

15.     Defendant Fox reasonably could have anticipated being subjected to a lawsuit in Ohio.

16.     The actions of Defendant Fox and the consequences caused by her actions have a substantial connection with Ohio such that this Court's exercise of jurisdiction over her is reasonable.

17.     Because Oneida suffers the effects of Defendant Fox's misconduct in this judicial district, this judicial district has a substantial connection to Plaintiff's claim. Therefore, venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL BACKGROUND

I.     **Registration and Protection of the Oneida Marks.**

18.     The United States Patent and Trademark Office ("USPTO) issued the first ONEIDA registration to Oneida Ltd. in 1956 for flat tableware of nonprecious metal (Reg. No. 631,695, issued on July 31, 1956). Subsequent registrations issued to Oneida Ltd. for sterling silver flat tableware (Reg. No. 682,551, issued on July 28, 1959), for silver plated flatware (Reg. No. 2,031,987, issued January 21, 1997), and for online retail store services featuring tableware, including flatware (Reg. No. 2,425,852, issued January 30, 2001). The USPTO issued many additional trademarks to Oneida Ltd. for flatware, dinnerware and kitchen related products and

services, including: MICHELANGELO, CHATEAU, FLIGHT, MARQUETTE, EASTON, LOUISIANA, JUILLIARD, MODA, DOVER, MOONCREST, ACT I, GLISSADE, AQUARIUS, HEIRLOOM, CULINARIA, KENWOOD, RIO, and WINTER FROST. These federally-registered trademarks are referred to collectively as the "ONEIDA Marks." Trademark registration documents for the ONEIDA Marks are collectively attached hereto as **Exhibit 4**.

19.     Oneida, LLC (formerly Oneida Ltd.) assigned the ONEIDA Marks to Plaintiff Oneida Consumer, LLC. Plaintiff Oneida Consumer, LLC, is the owner of all right, title, and interest in and to the ONEIDA Marks, by assignment.

20.     Plaintiff Oneida is engaged in the business of designing, manufacturing and selling high quality flatware, dinnerware and other kitchen essentials. Plaintiff Oneida markets and sells Oneida-branded products globally through a network of authorized dealers and resellers.

21.     Plaintiff Oneida's registrations for the ONEIDA Marks have been renewed and are valid and in good standing.

22.     Plaintiff Oneida has continuously and without interruption used the ONEIDA Marks in U.S. commerce for more than five years in connection with Oneida-branded goods and services.

23.     As provided in 15 U.S.C. §§ 1057(b) and 1115(a), the certificates of registration for the ONEIDA Marks are prima facie evidence of the validity of the ONEIDA Marks, of Plaintiff Oneida Consumer, LLC's ownership of the ONEIDA Marks, and of Plaintiff Oneida Consumer LLC's exclusive right to use the ONEIDA Marks in connection with its business.

24.     Many of the ONEIDA Marks have become incontestable under 15 U.S.C. § 1065.

25.     Purchasers in the fields of flatware, dinnerware and kitchen-related products recognize the ONEIDA Marks as indicative of Plaintiff Oneida as the exclusive source of particular goods and services.

26.     By virtue of its use of the ONEIDA Marks and variations thereof for decades, and its marketing efforts and expenditure of considerable sums for promotional activities, Plaintiff Oneida has gained a valuable reputation and developed considerable brand recognition in the flatware, dinnerware and kitchen related markets.

27.     Plaintiff Oneida ensures the quality of goods sold under the ONEIDA Marks by instituting stringent quality control processes with its dealers and resellers, and by retaining complete control over the manufacturing and production of goods bearing the ONEIDA Marks.

28.     Because of the complete and stringent quality control measures that Plaintiff Oneida and its authorized dealers and resellers take, Plaintiff Oneida provides a lifetime warranty to the original purchaser of its products.

## II.     Past Relationship with Defendant Fox and Defendant Fox's Violation of Plaintiff Oneida's Policies

29.     Around October 9, 2018, Defendant Fox became an authorized distributor of Oneida-branded flatware. *See* **Exhibit 5**.

30.     On December 10, 2018, Defendant Fox was provided a copy of the Oneida Group Inc. Authorized Dealer Policy ("Authorized Dealer Policy"), with which she was expected to comply. The Authorized Dealer Policy is attached hereto as **Exhibit 6**.

31.     The Authorized Dealer Policy prohibited Defendant Fox from marketing and selling Oneida-branded products through third party websites, such as Amazon.com. Defendant Fox violated the Authorized Dealer Policy by selling Oneida-branded products on Amazon.com.

32.     In the January 20, 2020 letter (Exhibit 1), Plaintiff Oneida informed Defendant Fox that she had been operating her business in a manner that was outside of the requirements of Plaintiff Oneida's policies and informed Defendant Fox that it was terminating its relationship with Defendant Fox effective March 31, 2020.

33.     In the March 10, 2020 letter (Exhibit 2), Plaintiff Oneida reminded Defendant Fox of the termination of their relationship and referred Defendant Fox to Plaintiff Oneida's Online Seller Application and Agreement, which had been previously provided to Defendant Fox, should Defendant Fox wish to continue selling Oneida-branded products on her Finest Flatware website.

III.    **After Termination of the Relationship Between Plaintiff Oneida and Defendant Fox, Defendant Fox Infringes and Dilutes the ONEIDA Marks, and Makes False and Misleading Representations of Fact in Commerce.**

34.     Defendant Fox never substantively responded to the January 20, 2020 or March 10, 2020 letters from Plaintiff Oneida, never completed the Online Seller Application and Agreement, and has continued to sell Oneida-branded flatware and use the ONEIDA Marks on Amazon.com, on her website www.finestflatware.com, and on social media.

35.     Defendant Fox has several listings on Amazon, selling Oneida-branded products and using one or more of the ONEIDA Marks. For example, in the listing for "Oneida Camlynn 20 Piece Everyday Flatware Set, Service for 4," Defendant Fox uses the ONEIDA trademark, represents that the listing is "by Oneida," and represents that the product is "[b]acked by a limited lifetime warranty." In fact, Defendant Fox has no right to use the ONEIDA trademark in commerce; the listing is not "by Oneida," but is instead by Defendant Fox as indicated by the designation "Ships from and sold by Finest Flatware"; and the product is backed by no warranty, as the Oneida warranty only applies to the original purchaser. Because Defendant Fox is not an authorized Oneida dealer or reseller, her customers are not original purchasers.

36.     By way of further example, in the listing for "Oneida Juilliard Fine Flatware Dinner Forks, set of 4, 18/10 Stainless Steel," Defendant Fox uses the ONEDIA and JUILLIARD trademarks, represents that the listing is "by Oneida," and represents that the product is "[b]acked by a limited lifetime warranty." In fact, Defendant Fox has no right to use the ONEIDA or

JUILLIARD trademark in commerce; the listing is not "by Oneida," but is instead by Defendant Fox as indicated by the designation "Ships from and sold by Finest Flatware"; and the product is backed by no warranty, as the Oneida warranty only applies to the original purchaser. Because Defendant Fox is not an authorized Oneida dealer or reseller, her customers are not original purchasers.

37.    A copy of these and other of Defendant Fox's Amazon.com listings are attached hereto collectively as **Exhibit 7**.

38.    On her website, www.finestflatware.com, Defendant Fox sells hundreds of Oneida-branded products. Defendant Fox uses many of the ONEIDA Marks and represents that "[e]ach piece of fine quality Oneida stainless is warranted against defects in workmanship and materials for the lifetime of the original owner." *See, e.g.,* **Exhibit 8**. In fact, Defendant Fox has no right to use the ONEIDA Marks in commerce. In addition, despite Defendant Fox's misleading implication to the contrary, the products Defendant Fox is selling on her website are backed by no warranty as none of Defendant Fox's customers are "the original purchaser."

39.    On her Facebook page, Defendant Fox provides links to her website www.finestflatware.com, uses the ONEIDA trademark in connection with advertisement of Oneida-branded products, and holds herself out as an "Authorized Oneida Retailer." In fact, Defendant Fox is not authorized to use the ONEIDA trademark and is not an "Authorized Oneida Retailer." A screenshot of the "About" section of Defendant Fox's Facebook page, as it appeared on April 15, 2020, is attached hereto as **Exhibit 9**.

40.    On her Twitter account, which appears to have been deleted sometime between April 17, 2020 and April 20, 2020, Defendant Fox had provided links to her website www.finestflatware.com, used the ONEIDA trademark in connection with advertisement of

Oneida-branded products, and held herself out as an "Authorized Oneida Flatware Retailer." In fact, Defendant Fox is not authorized to use the ONEIDA trademark and is not an "Authorized Oneida Flatware Retailer." A screenshot of Defendant Fox's Twitter account, as it appeared on April 15, 2020, is attached hereto as **Exhibit 10**.

## COUNT I: TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1))

41.     The allegations of Paragraphs 1 through 40 are incorporated by reference as if fully set forth herein.

42.     Defendant Fox has engaged in acts of trademark infringement under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

43.     Plaintiff Oneida owns and uses its federally-registered ONEIDA Marks in connection with the advertisement and sale of flatware, dinnerware and other kitchen essentials throughout the United States and other countries. As properly registered marks, the ONEIDA Marks are presumptively valid and many of the ONEIDA marks are incontestable.

44.     Defendant Fox has used the ONEIDA Marks in commerce throughout the United States to identify the source of goods she is selling or offering for sale. The goods offered and sold by Defendant Fox are materially different from those sold by Plaintiff Oneida and its authorized dealers and resellers in that the products sold by Defendant Fox do not carry the warranty of the products sold by Plaintiff Oneida and its authorized dealers and resellers.

45.     Defendant Fox's use of the ONEIDA Marks without Plaintiff Oneida's consent is likely to cause confusion in the industry in which both Plaintiff Oneida and Defendant Fox operate.

46.     The ONEIDA Marks are inherently distinctive in the fields in which both Plaintiff Oneida and Defendant Fox operate, and purchasers recognize the ONEIDA Marks as an indication

that Plaintiff Oneida is the exclusive source of the goods being purchased. The ONEIDA Marks are both commercially and conceptually strong and are not descriptive.

47.     Defendant Fox's use of the ONEIDA Marks is likely to cause confusion because Plaintiff Oneida and Defendant Fox have the same customer base, directly compete in the same industry, and use the same marketing channels to reach consumers, including websites such as Amazon.com and including social media outlets.

48.     In appearance, connotation and overall commercial impression, the ONEIDA Marks used by Defendant Fox are identical to the ones owned and registered by Plaintiff Oneida.

49.     By choosing to use the ONEIDA Marks in connection with her business despite possessing knowledge that the ONEIDA Marks are protected, Defendant Fox intended to create consumer confusion between her Finest Flatware business and Plaintiff Oneida, and confusion between her products and Plaintiff Oneida's products, with the goal of increasing Defendant Fox's sales.

50.     Defendant Fox's trademark infringement has been committed intentionally, willfully, knowingly and in bad faith.

51.     As a result of Defendant Fox's use of the ONEIDA Marks, the value of Plaintiff Oneida's registered ONEIDA Marks—namely its product identity, its competitive advantage, and the ability to control its goodwill and reputation—has been diminished and irreparably harmed.

52.     Defendant Fox's trademark infringement has damaged, and continues to damage, Plaintiff Oneida in an amount not yet capable of being calculated but to be demonstrated at trial.

53.     As a result of Defendant Fox's violations of the Lanham Act, Plaintiff Oneida is entitled to an award of all damages recoverable under 15 U.S.C. § 1117(a), including, but not

limited to, Defendant Fox's profits and/or a reasonably royalty, all damages sustained by Plaintiff Oneida, and the costs of this action.

54.     Defendant Fox's deliberate actions also constitute the exceptional case that warrants an award of reasonable attorneys' fees in Plaintiff Oneida's favor.

55.     Plaintiff Oneida is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116 because, unless enjoined by this Court, Defendant Fox will continue to infringe upon the ONEIDA Marks, thereby causing Plaintiff Oneida immediate and irreparable damage for which it has no adequate remedy at law.

## COUNT II: FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)(1)(A))

56.     The allegations of Paragraphs 1 through 55 are incorporated by reference as if fully set forth herein.

57.     Defendant Fox's use of the ONEIDA Marks, as well as other misconduct described herein, is likely to cause confusion or mistake, or to deceive the public, as to the origin, affiliation, connection, sponsorship or approval of her goods in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

58.     By using the ONEIDA Marks, holding herself out as an "Authorized Oneida Retailer" and "Authorized Oneida Flatware Retailer," and by representing on Amazon that her listings are "by Oneida," all in conjunction with soliciting and processing orders for customers located in various states – customers that would otherwise be purchasing from Plaintiff Oneida or its authorized dealers or resellers, Defendant's actions have had a substantial effect on U.S. interstate commerce.

59.     By using the ONEIDA Marks, holding herself out as an "Authorized Oneida Retailer" and "Authorized Oneida Flatware Retailer," and by representing on Amazon that her

listings are "by Oneida," all in connection with the sale of goods identical in many respects to those provided by Plaintiff Oneida, Defendant Fox has created a likelihood of confusion in the consuming public as to the origin of Defendant Fox's goods. Because of Defendant Fox's actions, the public is likely to believe that Defendant Fox and the products offered by Defendant Fox are affiliated with Plaintiff Oneida.

60. Defendant Fox's misconduct has damaged and is likely to continue damaging Plaintiff Oneida in an amount not yet capable of being calculated but to be demonstrated at trial. Plaintiff Oneida's damages include, but are not limited to, loss of potential sales and competitive injury to Plaintiff Oneida's goodwill and reputation.

61. As a result of Defendant Fox's misconduct, Plaintiff Oneida is entitled to an award of all damages recoverable under 15 U.S.C. § 1117(a), including, but not limited to, Defendant Fox's profits and/or a reasonably royalty, all damages sustained by Plaintiff Oneida, and the costs of this action.

62. Defendant Fox's deliberate actions also constitute the exceptional case that warrants an award of reasonable attorneys' fees in Plaintiff Oneida's favor.

63. Plaintiff Oneida is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116 because, unless enjoined by this Court, Defendant Fox will continue to improperly use the ONEIDA Marks, hold herself out as an "Authorized Oneida Retailer" and "Authorized Oneida Flatware Retailer," and represent on Amazon that her listings are "by Oneida," all in connection with the sale of goods identical in many respects to those provided by Plaintiff Oneida, thereby causing Plaintiff Oneida immediate and irreparable damage for which it has no adequate remedy at law.

## COUNT III: FALSE ADVERTISING (15 U.S.C. § 1125(a)(1)(B))

64.    The allegations of Paragraphs 1 through 63 are incorporated by reference as if fully set forth herein.

65.    Defendant Fox's use of the ONEIDA Marks, as well as other misconduct described herein, misrepresents the nature, characteristics and qualities of her goods in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

66.    Defendant Fox's use of the ONEIDA Marks, holding herself out as an "Authorized Oneida Retailer" and "Authorized Oneida Flatware Retailer," representing on Amazon that her listings are "by Oneida," and representing that her products are covered by a warranty,  all in connection with the sale of goods identical in many respects to those provided by Plaintiff Oneida, misrepresent the nature, characteristics, and qualities of Defendant Fox's goods.

67.    Defendant Fox has made at least the following false or misleading statements of fact regarding her goods: she has held herself out as an "Authorized Oneida Retailer" and "Authorized Oneida Flatware Retailer"; she has represented on Amazon that her listings are "by Oneida"; and she has represented that her products are covered by a lifetime warranty.

68.    Defendant Fox's false or misleading statements deceive all or a substantial portion of her intended audience into believing that Defendant Fox is affiliated with Plaintiff Oneida and that products sold by Defendant Fox are covered by a lifetime warranty.

69.    Defendant Fox's false or misleading statements are material in that the apparent (but untrue) affiliation with Plaintiff Oneida and the apparent (but untrue) existence of a lifetime warranty are likely to influence customers' purchasing decisions.

70.     Defendant Fox's false or misleading statements were made in interstate commerce on Amazon.com, her website www.finestflatware.com, and on social media (*e.g.*, Facebook and Twitter).

71.     Defendant Fox's false or misleading statements have caused harm to Plaintiff Oneida in that she has sold products and earned profit on such products that otherwise would have been sold and earned by Plaintiff Oneida. For example, upon information and belief, Defendant Fox has sold tens of thousands of dollars of Oneida-branded products on Amazon.com in the first 5 days of April 2020 and has sold over $1 million in product in a single quarter.

72.     Defendant Fox's false or misleading statements have been willfully deceptive. She knows she is not an "Authorized Oneida Retailer" or "Authorized Oneida Flatware Retailer"; she knows her Amazon listings are not "by Oneida"; and she knows her products are not covered by a lifetime warranty.

73.     Defendant Fox's false or misleading statements have damaged and are likely to continue damaging Plaintiff Oneida in an amount not yet capable of being calculated but to be demonstrated at trial. Plaintiff Oneida's damages include, but are not limited to, loss of potential sales and competitive injury to Plaintiff Oneida's goodwill and reputation.

74.     As a result of Defendant Fox's false or misleading statements, Plaintiff Oneida is entitled to an award of all damages recoverable under 15 U.S.C. § 1117(a), including, but not limited to, Defendant Fox's profits and/or a reasonably royalty, all damages sustained by Plaintiff Oneida, and the costs of this action.

75.     Defendant Fox's deliberate actions also constitute the exceptional case that warrants an award of reasonable attorneys' fees in Plaintiff Oneida's favor.

76.     Plaintiff Oneida is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116 because, unless enjoined by this Court, Defendant Fox will continue to hold herself out as an "Authorized Oneida Retailer" and "Authorized Oneida Flatware Retailer," represent on Amazon that her listings are "by Oneida," and represent that her products are covered by a lifetime warranty, thereby causing Plaintiff Oneida immediate and irreparable damage for which it has no adequate remedy at law.

### COUNT IV: TRADEMARK DILUTION (15 U.S.C. § 1125(c)

77.     The allegations of Paragraphs 1 through 76 are incorporated by reference as if fully set forth herein.

78.     Defendant Fox's use of the ONEIDA Marks, as well as other misconduct described herein, constitutes trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

79.     The ONEIDA Marks are famous and distinctive within the meaning of the Lanham Act. The ONEIDA marks have been associated with flatware, dinnerware and other kitchen essentials throughout the world since the 1950s.

80.     After the ONEIDA marks became famous, Defendant Fox began using the ONEIDA Marks in commerce on her Amazon.com listings, on her website www.finestflatware.com, and on social media to advertise and sell goods.

81.     By deceiving purchasers into believing her products are covered by a lifetime warranty, when they are in fact covered by no warranty, and by selling products for which Plaintiff Oneida's stringent quality control standards have not been maintained, Defendant Fox has harmed the reputation of the ONEIDA Marks and has caused dilution by tarnishment.

82. Defendant Fox's dilution of the ONEIDA marks has been committed intentionally, willfully, knowingly and in bad faith.

83. As a result of the dilution by tarnishment that has resulted from Defendant Fox's deliberate misconduct, Plaintiff Oneida is entitled to an award of all damages recoverable under 15 U.S.C. § 1117(a), including, but not limited to, Defendant Fox's profits and/or a reasonably royalty, all damages sustained by Plaintiff Oneida, and the costs of this action.

84. Defendant Fox's deliberate actions also constitute the exceptional case that warrants an award of reasonable attorneys' fees in Plaintiff Oneida's favor.

85. Plaintiff Oneida is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116 because, unless enjoined by this Court, Defendant Fox will continue to engage in this deliberate misconduct, thereby causing Plaintiff Oneida immediate and irreparable damage for which it has no adequate remedy at law.

## COUNT V: VIOLATION OF OHIO DECEPTIVE TRADE PRACTICES ACT (O.R.C. § 4165.02)

86. The allegations of Paragraphs 1 through 85 are incorporated by reference as if fully set forth herein.

87. Defendant Fox has engaged in deceptive trade practices in violation of the Ohio Deceptive Trade Practices Act, O.R.C. § 4165.01–.04.

88. By using the ONEIDA Marks, holding herself out as an "Authorized Oneida Retailer" and "Authorized Oneida Flatware Retailer," by representing on Amazon that her listings are "by Oneida," and by false representing that her products are covered by a warranty, all in connection with the sale of goods identical in many respects to those provided by Plaintiff Oneida, Defendant Fox has caused a likelihood of confusion or misunderstanding as to the source,

sponsorship, approval, or certification of its goods by Plaintiff Oneida in violation of O.R.C. §
4165.02(A)(2).

89.     By using the ONEIDA Marks, holding herself out as an "Authorized Oneida
Retailer" and "Authorized Oneida Flatware Retailer," by representing on Amazon that her listings
are "by Oneida," and by false representing that her products are covered by a warranty, all in
connection with the sale of goods identical in many respects to those provided by Plaintiff Oneida,
Defendant Fox has caused a likelihood of confusion as to her and her products' affiliation,
connection and association with Plaintiff Oneida and Plaintiff Oneida' products in violation of
O.R.C. § 4165.02(A)(3).

90.     By using the ONEIDA Marks, holding herself out as an "Authorized Oneida
Retailer" and "Authorized Oneida Flatware Retailer," by representing on Amazon that her listings
are "by Oneida," and by false representing that her products are covered by a warranty, all in
connection with the sale of goods identical in many respects to those provided by Plaintiff Oneida,
Defendant Fox has violated O.R.C. § 4165.02(A)(7) and O.R.C. § 4165.02(A)(11).

91.      Defendant Fox's deceptive trade practices have damaged, and are likely to
continue damaging, Plaintiff Oneida in an amount not yet capable of being calculated but to be
demonstrated at trial. Plaintiff Oneida's damages include, but are not limited to, loss of potential
sales and competitive injury to Plaintiff Oneida's goodwill and reputation.

92.     Due to the damage caused by, or likely to be caused by, Defendant Fox's actions,
Plaintiff Oneida is entitled to injunctive relief as prescribed by O.R.C. § 4165.03(A)(1) and
damages as prescribed by O.R.C. § 4165.03(A)(2).

93.     Upon information and belief, Defendant Fox willfully and intentionally engaged in
deceptive trade practices with the intention of causing confusion such that an award of reasonable

attorneys' fees in Plaintiff Oneida's favor pursuant to O.R.C. § 4165.03(B) is warranted in this case.

## COUNT VI: TRADEMARK INFRINGEMENT/UNFAIR COMPETITION (OHIO COMMON LAW)

94.     The allegations of Paragraphs 1 through 93 are incorporated by reference as if fully set forth herein.

95.     Defendant Fox, through the misconduct and violations described above, has engaged in trademark infringement and unfair competition against Plaintiff Oneida in violation of Ohio common law.

96.     Plaintiff Oneida owns and uses its federally-registered ONEIDA Marks in connection with the advertisement and sale of flatware, dinnerware, and other kitchen essentials throughout the United States and other countries. As properly registered marks, the ONEIDA Marks are presumptively valid and many of the ONEIDA marks are incontestable.

97.     Defendant Fox has used the ONEIDA Marks throughout the United States in connection with the sale of goods that are materially different from those sold by Plaintiff Oneida in that the products sold by Defendant Fox do not carry the warranty of the products sold by Plaintiff Oneida.

98.     Defendant Fox's use of the ONEIDA Marks without Plaintiff Oneida's consent is likely to cause confusion in the industry in which both Defendant Fox and Plaintiff Oneida operate.

99.     The ONEIDA Marks are inherently distinctive in the fields in which both Defendant Fox and Plaintiff Oneida operate, and purchasers recognize the ONEIDA Marks as an indication that Plaintiff Oneida is the source of the goods and services which are being purchased. The ONEIDA Marks are both commercially and conceptually strong and are not descriptive.

100.     Defendant Fox's use of the ONEIDA Marks is likely to cause confusion because Defendant Fox and Plaintiff Oneida have the same customer base, directly compete in the same industry, and use the same online channels to reach consumers.

101.     By choosing to use the ONEIDA Marks in connection with her business despite possessing knowledge that the ONEIDA Marks are protected, Defendant Fox intended to create confusion, and has created confusion, between herself and Plaintiff Oneida, as well as between her products and Plaintiff Oneida's products, with the goal of increasing Defendant Fox's sales.

102.     Upon information and belief, Defendant Fox's acts which constitute trademark infringement have been committed knowingly and in bad faith.

103.     As a result of Defendant Fox's use of the ONEIDA Marks, the value of Plaintiff Oneida's registered ONEIDA Marks—namely its product identity, its competitive advantage, and the ability to control its goodwill and reputation—has been and is diminished and irreparably harmed.

104.     Defendant Fox's trademark infringement has damaged, and continues to damage, Plaintiff Oneida in an amount not yet capable of being calculated but to be demonstrated at trial.

105.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Oneida requests that this Court enter judgment in favor of Plaintiff Oneida and against Defendant Fox, and requests the following relief:

A.     Judgment that Defendant Fox has willfully infringed Plaintiff Oneida's registered ONEIDA Marks under § 32(1) of the Lanham Act (15 U.S.C. § 1114) and at common-law;

B.     Judgment that Defendant Fox has willfully engaged in false designation of origin and unfair competition under § 43(a)(1) of the Lanham Act (15 U.S.C. § 1125(a)(1)) and at common law;

C.     Judgment that Defendant Fox has willfully engaged in false advertising under § 43(a)(1) of the Lanham Act (15 U.S.C. § 1125(a)(1)) and at common law;

D.     Judgment that Defendant Fox has willfully diluted the ONEIDA Marks under § 43(c) of the Lanham Act (15 U.S.C. § 1125(c)) and at common law;

E.     Judgment that Defendant Fox has willfully violated the Ohio Deceptive Trade Practices Act (O.R.C. § 4165.02);

F.     Pursuant to § 34 of the Lanham Act (15 U.S.C. § 1116), that the Defendants be preliminarily and permanently restrained and enjoined from:

   i.     Selling products that bear the ONEIDA Marks;

   ii.    Otherwise using Plaintiff Oneida's registered ONEIDA Marks and/or any other mark, name, designation or likeness that incorporates the ONEIDA Marks or is likely to be confusingly similar to the ONEIDA Marks;

   iii.   Otherwise infringing upon the ONEIDA Marks;

   iv.    Using domain names, email addresses, social media accounts, or other means of electronic communication and advertising that incorporate the ONEIDA Marks, designations, trade names, or other confusingly similar designations; and

   v.     Unfairly competing with Plaintiff ONEIDA;

G.     That Defendant Fox be ordered to remove all online content that uses any of the ONEIDA Marks;

H.      Pursuant to Section 36 of the Lanham Act (15 U.S.C. § 1118), that Defendant Fox be ordered to deliver up for destruction all products, labels, signs, prints, packages, wrappers, receptacles, and advertisements in her possession bearing the ONEIDA Marks, or any designation, description, or representation that is similar to the ONEIDA Marks;

I.      That Defendant Fox be ordered to file with the Court a sworn declaration of compliance with Paragraphs G and H above within 20 days of entry of the Court's order;

J.      An award of all damages recoverable under Section 35 of the Lanham Act (15 U.S.C. § 1117) including, but not limited to, Defendant Fox's profits, a reasonable royalty, all actual damages sustained by Plaintiff Oneida, treble profits and damages, reasonable attorneys' fees and the costs associated with this action;

K.      An accounting of Defendant Fox's profits under Section 35 of the Lanham Act (15 U.S.C. § 1117);

L.      An award of all damages recoverable under O.R.C. § 4165.03 and Ohio common law, including punitive damages; and

M.      Such other and further equitable and legal relief as the Court deems appropriate.

Respectfully submitted,

/s/ Jesse Jenike-Godshalk
Jesse Jenike-Godshalk (0087964)
THOMPSON HINE LLP
312 Walnut Street, Suite 1400
Cincinnati, Ohio 45202
Phone: (513) 352-6702
Fax: (513) 241-4771
Email: Jesse.Godshalk@ThompsonHine.com

Marla R. Butler (*pro hac vice* forthcoming)
THOMPSON HINE LLP

Two Alliance Center
3560 Lenox Road NE, Suite 1600
Atlanta, Georgia 30326-4266
Phone: 404-407-3680
Fax: 404-541-2905
Email: Marla.Butler@ThompsonHine.com

*Attorneys for Plaintiffs*